UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ANTONIO DAVIS, | ) Civil Action No.: 4:12-cv-3429-RMG-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) **REPORT AND RECOMMENDATION** | |
| ) | |
| RICHLAND COUNTY, SHERIFF LEON ) | |
| LOTT, DEP. SARA GIRON, DEP. ) | |
| ADRIAN THOMPSON, DEP. ADAM ) | |
| CORNWELL, and RICHLAND COUNTY ) | |
| SHERIFF'S DEPARTMENT; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Antonio Davis ("Plaintiff") brings this civil action against Defendants, seeking monetary damages and injunctive relief. Plaintiff is proceeding pro se and in forma pauperis. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned United States Magistrate Judge is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

## BACKGROUND

Plaintiff filed his Complaint, ECF No. 1, on December 6, 2012. By Order dated December 13, 2012, ECF No. 8, Plaintiff's Motion for Leave to Proceed in forma pauperis was granted and Plaintiff was given a specific time frame in which to bring this case into proper form by providing proposed service documents for Defendants. On January 3, 2013, Plaintiff brought the case into proper form by submitting proposed summonses and Forms USM-285 for Defendants. See ECF No. 14. On February 6, 2013, the undersigned entered an Order authorizing service of process on all Defendants except the Richland County Sheriff's Office as well as a Report and Recommendation

recommending summary dismissal as to the claims against the Richland County Sheriff's Office. Prior to the Report and Recommendation being adopted by the district judge, Plaintiff filed a Motion to Amend his Complaint, which was granted. As a result, the previous Report and Recommendation was vacated.

In his original Complaint, which is attached to his Amended Complaint, Plaintiff describes the issues he is attempting to litigate as "excessive force, defamation of character, slander, perjury, false imprisonment, post-traumatic stress." ECF No. 1, p. 2. Plaintiff seeks monetary damages for pain, "for the slander of my name and the defamation of my character," "for post-traumatic stress," and "for every day I have been detain[ed] at Alvin S. Glenn Detention Center." ECF No. 1, p. 5. In addition, Plaintiff "wants all medical damages to be paid" and seeks injunctive relief, i.e. "some form of counseling," and "that each defendant stay away from me, that my mail, visits, and phone call[s] are not tamper[ed] with." Id. In his Amended Complaint, Plaintiff adds allegations that Defendants Leon Lott and Richland County negligently hired, trained, supervised, or disciplined the officers and established a custom and/or policy of allowing officers to use excessive force against civilians without facing any discipline.

Factually, Plaintiff alleges that, "on March 3, 2011 at approximately 5:00 while riding as a pass[en]ge[r] in my father's car Dep. Adrian Thompson initiated a traffic stop near the intersection of Shakespeare and Carlton for allege[d] failure to use [a] turn signal." ECF No. 1, p. 3. Plaintiff alleges that Defendant Dep. Giron arrived after the stop to provide back-up and "upon approach Dep. Giron rac[i]al[ly] profile[d] me by labeling me a gang member because of my clothing." Id. Plaintiff alleges that Dep. Giron "gave a hand signal to Dep. Thompson that they should search the vehicle." Id. Plaintiff alleges that his father consented to a search of the car and the officers had Plaintiff's

father get out and stand at the back of the car. Plaintiff alleges that "Dep. Giron asked me to step out" and "as I was trying to step out of the car Dep. Giron was over physical and roughhousing me while I'm trying to get out of the car." Id. Plaintiff alleges:

> I then became nervous. I panicked and started to run towards Carlton Drive. I then ran onto Ranchero [?] Drive. Both Dep. Thompson and Dep. Giron were in foot pursuit of me at that time. I then ran onto Charwell Drive which came to a dead end and ran into a wooded area. Meanwhile Dep. Giron was directly behind me. While down on hand[s] and knees moving through the vines in the woods I immediately felt a sharp pain in my buttocks and could not move. I was being tased by Dep Giron. While on the ground incapacitated from the taser, Dep Giron then fire[d] 4 to 5 shots from her department issued weapon hitting me once in the leg. About 10 seconds later Dep. Cornwell arrived w[h]ere he knee[d] and hit me several times in the head before putting me in handcuff[s]. Th[ere] are recording[s] of Dep. Giron threatening to shoot me again because I was asking why I was shot in the first place. I was then strip[ped] of my clothes and was carried out of the woods completely nude and was taken to a hospital to be treated for my injuries. After being medicated for my injuries I was put in a main hallway of the hospital completely nude handcuffed to a bed for 2 to 3 hours before being taken to ASGDC and charged with possession of firearm (2) pointing & presenting firearm at a person, resisting arrest with a deadly weapon, and attempted murder.[1]

ECF No. 1, p. 3-4. Plaintiff also alleges:

> I was then p[ublic]ly humiliated when Richland County Sheriff Leon Lott and Dep. Sara Giron got on national T.V. and lie[d] about the [e]vents that had taken place that afternoon of March 3, 2011 in an attempt a[t] trying to cover up the violation of my rights. Dep. Giron is alleging that I produce[d] a weapon after being tased in an

---

[1]According to the Richland County Fifth Judicial Circuit Public Index, Plaintiff was arrested on March 4, 2011, Plaintiff was charged with attempted murder (M722257, indictment no. 2012-GS-40-419); resisting arrest with a deadly weapon (M722242; indictment no. 2012-GS-40-417); two counts of pointing and presenting a firearm at a person (M722241& M722240; indictment nos. 2012-GS-40-5920 & 416 ); and unlawful possession of a firearm by a convicted felon (M722239; indictment no. 2012-GS-40-415). Another charge of possession with intent to distribute marijuana (M722256) was dismissed at Plaintiff's preliminary hearing on April 29, 2011. See http://www4.rcgov.us/PublicIndex/PISearch.aspx?CourtType=G (last visited Jan. 11, 2013). The undersigned takes judicial notice of the case records concerning Plaintiff's arrest and indictment, which are maintained by the state court. See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

attempt and trying to kill her and that gave her the right to shoot me. I never had a weapon. After receiving my discovery and analyzing the SLED's crime scene report, firearms report, and DNA report, the weapon that Dep. Giron allege[s] I had and attempted to use [shows] the[re] were never any shots fired, the[re] was no gunpowder residue found, and my DNA nor fingerprints could be found on the weapon that Dep. Giron allege[s] I had and attempted to use. This prove[s] that I was shot unjustly after being tased by Dep Giron and that I was falsely imprison[ed]. Also Dep. Giron has a documented history of shooting individual[s] unjustifi[ably] in the past on more than one occasion.

ECF No. 1, p. 4.

## PRO SE AND IN FORMA PAUPERIS REVIEW

Under established local procedure in this judicial district, a careful review has been made of this pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A[2]; 42 U.S.C. § 1997e (the Prison Litigation Reform Act of 1995 ("PLRA")); and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). This Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. A claim based on a meritless legal

---

[2]Title 28 U.S.C. § 1915A(a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). See Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

As Plaintiff is a pro se litigant, this Court is required to liberally construe his pleadings, holding them to a less stringent standard than those drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Estelle v. Gamble, 429 U.S. 97 (1976). Even under this less stringent standard, however, a pro se complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

Plaintiff's Complaint, insofar as it alleges a claim for violation of Plaintiff's constitutional rights under 42 U.S.C. § 1983,[3] and/or supplemental state-law tort claims, against Defendants Richland County, Sheriff Leon Lott, Dep. Sara Giron, Dep. Adrian Thompson, and Dep. Adam Cornwell, makes sufficient specific factual allegations to survive summary dismissal under 28 U.S.C. § 1915 and to require the development of additional facts through a responsive pleading from

---

[3]Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." See Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. See McKnight v. Rees, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980); Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

these Defendants.

Plaintiff's Complaint, insofar as it attempts to assert a § 1983 claim and/or supplemental state-law tort claims against Defendant Richland County Sheriff's Department, should be summarily dismissed, because such claims are barred by the Eleventh Amendment. The United States Supreme Court has held that, under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 663 (1974); see also Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993). "This immunity [also] applies to state agencies that may be properly characterized as arm[s] of the State, . . . as well as to state employees acting in their official capacity." Harter v. Vernon, 101 F.3d 334, 337 (4th Cir.1996) (internal citations and quotations omitted). In South Carolina, a sheriff's department is an agency of the state and therefore entitled to Eleventh Amendment immunity. Brown v. Middleton, 362 F. App'x 340, 346 n. 8 (4th Cir.2010) (citing Gulledge v. Smart, 691 F.Supp. 947 (D.S.C.1988), aff'd, 878 F.2d 379 (4th Cir.1989) (holding that, in South Carolina, sheriffs and deputies are state officials); see also Carroll v. Greenville County Sheriff's Dep't, 871 F.Supp. 844, 846 (D.S.C.1994) ("It is well established in [South Carolina] that a sheriff's office is an agency of . . . the state, such that a suit against the sheriff in his official capacity is a suit against the State."). As an agency of the State of South Carolina, the Richland County Sheriff's Department is immune from suit in federal court under the Eleventh Amendment. See Stewart v. Beaufort County, 481 F.Supp.2d 483, 492 (D.S.C.2007) (holding that "a federal court lacks jurisdiction to hear a cause of action against a South Carolina Sheriff's Department, as such a suit is barred by state immunity"). Thus, Plaintiff's Complaint against Defendant Richland County Sheriff's Department should be summarily dismissed, without prejudice

and without issuance and service of process on this Defendant.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's Amended Complaint be summarily dismissed, without prejudice and without issuance and service of process, as to Defendant Richland County Sheriff's Department only. **Plaintiff's attention is directed to the important notice on the next page.**

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

October 24, 2013  
Florence, South Carolina