IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

|  |  |
|---|---|
| Antonio Davis ) | Civil Action No: 4:12-03429-RMG |
| Plaintiff ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Richland County, Sheriff Leon Lott, ) | |
| Deputy Sara Giron, Deputy Adrian Thompson ) | |
| Deputy Adam Cornwall, and Richland ) | |
| County Sheriff's Department, ) | |
| ) | |
| Defendants ) | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge recommending that the Court dismiss the Plaintiff's claims against Defendant Richland County Sherriff Department without prejudice and without issuance of service. (Dkt. No 59.) For the reasons set forth below, the Court agrees with and ADOPTS the R & R as the order of the Court. Thus, the claims against Defendant Richland County Sheriff's Department are DISMISSED.

**Background**

Antonio Davis ("Plaintiff") is a pretrial detainee in Richland County's Alvin S. Glenn Detention Center ("ASGDC") in Columbia, South Carolina. Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil action against Defendants seeking monetary damages and injunctive relief. In his Complaint, Plaintiff alleges "excessive force, defamation of character, slander, perjury, false imprisonment, [and] post-traumatic stress," related to Defendants' actions during and after a traffic stop on March 3, 2011. (Dkt. No. 1 at 2.) Plaintiff also alleges public humiliation as a result of Defendants Sheriff Leon Lott and Deputy Sara Giron's statements

1

made on national television concerning Plaintiff's arrest. (Dkt. No. 1 at 4.) Plaintiff later amended his complaint to state that Sheriff Lott and Richland County "negligently hired, trained, supervised or disciplined" officers. (Dkt. No. 58.)

The Magistrate Judge found that Plaintiff's allegations were sufficient to survive summary dismissal as to Defendants Richland County, Sheriff Leon Lott, Deputy Giron, Deputy Thompson and Deputy Cornwell. (Dkt. No. 59 at 5.) However, the Magistrate Judge recommended that Plaintiff's claims against the Richland County Sheriff's Department be summarily dismissed. (*Id.* at 6-7.) Plaintiff did not object to the R & R.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made. Here, however, because no objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Additionally, the Court may "accept, reject, or modify, in whole or in party, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v.*

*Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for City of Baltimore,* 901 F.2d 387, 391 (4th Cir. 1990) ("The special judicial solicitude with which a district court should view pro se complaints does not transform the court into an advocate."). Furthermore, the Court must dismiss an *in forma pauperis* action *sua sponte* if the complaint "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989).

## Discussion

The Court agrees with the Magistrate Judge that Plaintiff's claims against Defendant Richland County Sherriff's Department are barred by the Eleventh Amendment. Under South Carolina law, a sheriff's department is a state agency, not a department under the control of the county. *Gulledge v. Smart,* 691 F. Supp. 947, 954-55 (D.S.C. 1988); *see also Cromer v. Brown,* 88 F.3d 1315, 1332 (4th Cir. 1996) (holding South Carolina Sheriff is a state official and immune from a § 1983 suit for damages in his official capacity). A suit against a state agency is no different than a suit against the state itself. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Eleventh Amendment immunity bars suits against state agencies regardless of the nature of the relief sought. *See* U.S. Const. amend. XI; *see also Pennhurst St. Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100-101 (1984). Thus, Plaintiff's claims are dismissed without prejudice and without issuance and service of process as to Defendant Richland County Sheriff's Department.

## Conclusion

For the reasons given, the Court ADOPTS the Magistrates Judge's R & R. Accordingly, Plaintiff's claims against Defendant Richland County Sheriff Department are DISMISSED without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED**

Richard Mark Gergel
United States District Court Judge

November 18, 2013
Charleston, South Carolina