IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

|  |  |  |
|---|---|---|
| Antonio Davis, | ) | |
| | ) | No. 4:12-cv-3429-RMG |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Richland County, Sheriff Leon Lott, | ) | |
| Dep. Sara Giron, Dep. Adrian Thompson, | ) | |
| and Dep. Adam Cornwell, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on both the Magistrate Judge's Report and Recommendation ("R & R"), (Dkt. No. 112), and Defendants' Motion to Stay (Dkt. No. 114). For the reasons stated below, the Court adopts the R & R in part, grants in part Defendants' Motion for Summary Judgment (Dkt. No. 76), and grants Defendants' Motion to Stay (Dkt. No. 114).

## I. Facts[1]

Defendants Thompson and Giron stopped a white Buick Lesabre for a traffic violation on March 3, 2011. The driver and Plaintiff were asked to exit the vehicle. Defendant Giron attempted to perform a Terry frisk to ensure Plaintiff had no weapons, felt a hard object near Plaintiff's waistband, and attempted to place Plaintiff in handcuffs for officer safety. However, Plaintiff fled the scene. Plaintiff did not follow verbal commands to stop, and, based her

---

[1] The underlying facts are laid out in detail in the R & R with citations to the record. (Dkt. No. 112 at 2-4). The Court adopts this portion of the R & R, and does not repeat all of the facts in detail here. Instead, the Court only provides a brief summary.

1

observations up to that point, Defendant Giron deployed her taser and hit Plaintiff in the buttocks. Here, Plaintiff and Defendants' version of events diverge.

Plaintiff states that the taser incapacitated him but that Giron fired four or five shots from her weapon, hitting Plaintiff once in the leg. Giron states that the taser had no effect on Plaintiff, that he turned and pointed a firearm at her, and that, fearing for her life, Giron fired four shots from her firearm at Plaintiff. Giron states that she stopped firing once she saw that Plaintiff had thrown down his firearm and put his hands up. Plaintiff denies ever having a weapon in his possession.

Defendant Cornwell then arrived on the scene. According to Plaintiff, Cornwell kneed and hit Plaintiff in the head several times before handcuffing him. Cornwell states that he handcuffed Plaintiff and never violated Plaintiff's rights.

## II. Background

Defendants' filed a motion for summary judgment as to all claims. (Dkt. No. 76). The Magistrate Judge recommended denying summary judgment as to (1) Plaintiff's excessive force claim against Giron with respect to her use of her firearm, (2) Plaintiff's excessive force claim against Cornwell, and (3) Plaintiff's claim for intentional infliction of emotional distress against individual defendants in their individual capacities. (Dkt. No. 112). The Magistrate Judge recommended granting summary judgment as to all other claims. (*Id.*). Plaintiff did not file any objections to the R & R. Defendants objected to the Magistrate Judge's recommendation that the three above-stated claims survive summary judgment. (Dkt. No. 115). At the same time that Defendants filed their objections, they also filed a Motion to Stay, arguing that Plaintiff's claim

against Defendant Giron must be stayed under *Wallace v. Kato,* 549 U.S. 384 (2007). (Dkt. No. 114).

### III. Legal Standard

**A. Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P. 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

**B. Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Only material facts–those "that might affect the outcome of the suit under the governing

3

law"–will preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine, "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

At the summary judgment stage, the court must "construe the evidence, and all reasonable inferences that may be drawn from such evidence, in the light most favorable to the nonmoving party." *Dash v. Mayweather*, 731 F.3d 303, 310 (4th Cir. 2013). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Id.* at 311.

## IV. Defendants' Summary Judgment Motion

### A. Section 1983 Claims against Defendants in their Official Capacities

The Magistrate Judge found that any Section 1983 claims against the Defendants in their official capacities are barred by the Eleventh Amendment. (Dkt. No. 112 at 5-6). No party objected to this finding, and the Court agrees. Therefore, any such claims are dismissed with prejudice.

### B. Defendants Lott and Richland County

The Magistrate Judge found that Plaintiff had failed to put forward any evidence of a widespread pattern of excessive force by officers in Richland County and that summary judgment should be granted as to Plaintiff's Section 1983 claims against Richland County and Lott. (Dkt. No. 112 at 6-7). No party objected to this finding, and the Court agrees. Therefore, Plaintiff's Section 1983 claims against Richland County and Lott are dismissed with prejudice.

4

## C. Racial Profiling

The Magistrate Judge found that Plaintiff failed to put forward any evidence, other than conclusory speculation, of racial profiling or racial discrimination by Defendant Giron. (Dkt. No. 112 at 10-11). Thus, the Magistrate Judge recommended granting summary judgment on this claim. No party objected to this finding, and the Court agrees that Plaintiff has put forward no evidence other than conclusory speculation. Therefore, this claim is dismissed with prejudice.

## D. Defamation

The Magistrate Judge found that because Plaintiff failed to identify any specific language or statements said about him by Lott or Giron, his defamation claim must fail. (Dkt. No. 112 at 14-15). No party has objected to this finding. The Court agrees that Plaintiff has failed to identify a false and defamatory statement; therefore, this claim is dismissed with prejudice.

## E. Intentional Infliction of Emotional Distress

The Magistrate Judge found that because the South Carolina Tort Claims Act (SCTCA) specifically excludes claims for intentional infliction of emotional harm that such a claim is not cognizable against Richland County. (Dkt. No. 112 at 14). No party has objected to this finding, and the Court agrees.

However, the Magistrate Judge found that because the SCTCA does not provide immunity to governmental employees for acts constituting actual fraud, actual malice, or intent to harm, it does not bar Plaintiff's claims for intentional infliction of emotion distress against the individual defendants and that, because Defendants did not address Plaintiff's claim as to the individual Defendants, the claim should move forward. (*Id.* at 13-14). Defendants object to this finding arguing that (1) because Defendants were acting within the scope of their official duties,

the SCTCA bars the claim and (2) that Plaintiff failed to even plead a claim for intentional infliction of emotional distress. (Dkt. No. 115 at 9-10).

S.C. Code Ann. § 15-78-70(b) provides that "[n]othing in this chapter may be construed to give an employee of a governmental entity immunity from suit and liability if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." Thus, if an intentional infliction of emotional distress claim alleges actual malice or intent to harm, then the SCTCA does not bar the claim.[2] *Smith v. Ozmint*, 394 F. Supp. 2d 787, 792 (D.S.C. 2005); *accord DiLorenzo v. S.C. Dep't of Corr.*, No. 2:10-cv-2356, 2010 WL 5389994 at * 3 (D.S.C. Dec. 22, 2010). Here, however, Plaintiff does not allege actual malice or intent to harm. His only allegation concerning the claim is to request damages for "post-traumatic stress" in the relief section of his Complaint. (Dkt. No. 1 at 5). Because Plaintiff has not alleged that Defendants intentionally inflicted emotional distress the claim is barred by the SCTCA.[3]

### F. Excessive Force Claims against Defendant Giron

The Magistrate Judge recommended granting summary judgment as to Plaintiff's claim that Defendant's Giron use of her taser was excessive force because "[c]ourts have held that use

---

[2] A Plaintiff can state a claim for infliction of emotional distress by alleging that the defendant acted recklessly, rather than intentionally. *See Bass v. S.C. Dep't of Soc. Servs.*, 742 S.E.2d 667, 672 (S.C. Ct. App. 2013) (reciting elements of an intentional infliction of emotional distress claim). Such claims fall outside of Section 15-78-70(b) and would be barred by the SCTCA. Therefore, to the extent that the Magistrate Judge held that *all* claims for intentional infliction of emotional distress against individuals fall outside of the SCTCA, the Court declines to adopt the R & R.

[3] The Court declines to adopt the R & R as to Plaintiff's intentional infliction of emotional distress claim against the individual defendants. The Court adopts all other portions of the R & R.

of a taser gun to subdue a belligerent suspect who has repeatedly ignored police instructions is not excessive." (Dkt No. 112 at 9 (citing cases)). No party has objected to this finding, and the Court agrees that summary judgment is appropriate. Under the undisputed facts recounted by the Magistrate, it was not unreasonable for Giron to use her taser to stop Plaintiff who was resisting seizure and refusing to obey oral commends. The Court also agrees with the Magistrate Judge's finding that Defendant Giron is entitled to qualified immunity on this claim.

However, because of the disputed facts surrounding Giron's use of her firearm, the Magistrate Judge recommended denying summary judgment as to this excessive force claim. (Dkt. No. 112 at 9-10). Defendants do not appear to object to the Magistrate Judge's finding that summary judgment is inappropriate under Plaintiff's version of events but argue that Plaintiff's version of events cannot be believed. Defendants argue that Plaintiff's verified complaint is a "self-serving affidavit" that cannot defeat summary judgment and that the Court must accept as fact that Plaintiff was pointing a weapon at Giron when she fired. (Dkt. No. 115 at 2 n.3, 3, 4 n.5). Defendants are incorrect. Recently, the Fourth Circuit explicitly held in a Section 1983 case that "the record could defeat summary judgment even if the evidence consisted exclusively of so-called 'self-serving' declarations from [the plaintiff] himself." *Mann v. Failery*, - - - Fed. App'x - - - -, 2014 WL 3511878 at *5 n.2 (July 17, 2014). The Fourth Circuit went on to note that the Court may not make credibility determinations in reviewing the record on summary judgment. *Id.* Therefore, Defendants' objections are overruled. The Court finds that there is a genuine dispute of fact as to the circumstances the occurred immediately prior to the deadly force used by Giron when she shot Plaintiff.

7

The Magistrate Judge went on to find that Giron was not entitled to qualified immunity because at the time of her conduct, it was clearly established that an officer may not seize an unarmed, non-dangerous suspect by using deadly force. (Dkt. No. 112 at 12). Again, Defendants object to this finding because they believe it undisputed that Giron was threatened with a weapon. (Dkt. No. 115 at 7). If it were undisputed that Giron was threatened with a weapon, summary judgment would be appropriate. *See Tennessee v. Garner*, 471 U.S. 1, 11-12 (1985). However, this fact is in dispute. Thus, summary judgment is not appropriate.

### G. Excessive Force Claim against Defendant Cornwell

The Magistrate Judge also recommended denying summary judgment as to the excessive force claim against Defendant Cornwell. (Dkt. No. 112 at 10). Viewing the evidence in the light most favorable to Plaintiff, Plaintiff had been tased and shot and was fully subdued when Cornwell arrived on the scene. Cornwell then kneed Plaintiff and hit him in the head several times before handcuffing him.

Defendants again object that there is no evidence of Cornwell's purported conduct other than Plaintiff's testimony. (Dkt. No. 115 at 8 n.8, 9). As explained above, Plaintiff's testimony is enough to defeat summary judgment. Defendants also argue that even if Plaintiff's version of events are true, "Plaintiff has failed to put forth any evidence to show that any force used against him was excessive for the purposes of a constitutional claim." (Dkt. No. 115 at 9). However, under Plaintiff's version of events, he was tased, shot and fully subdued. No force was needed to handcuff and seize him. Even Defendant Giron testifies that Plaintiff had dropped his weapon and that his hands in the air when she stopped shooting. Unnecessary and gratuitous force used

to seize and unarmed suspect is objectively unreasonable and is excessive for the purposes of a constitutional claim. *Bailey v. Kennedy*, 349 F.3d 731, 744-45 (4th Cir. 2003).

The Magistrate Judge also found that Cornwell was not entitled to qualified immunity. The Defendants did not object to this finding, and the Court agrees. *See id.* ("[C]ourts have consistently applied the *Graham* holding and have consistently held that officers using unnecessary, gratuitous, and disproportionate force to seize a secured, unarmed citizen, do not act in an objectively reasonable manner and, thus, are not entitled to qualified immunity."). Therefore, the Court denies Defendants' motion for summary judgment as to the excessive force claim against Defendant Cornwell.

## V. Motion to Stay

Defendants ask that the Court stay this case because a determination on Plaintiff's excessive force claim against Defendant Giron could be inconsistent with the verdict in Plaintiff's pending criminal cases. (Dkt. No. 114). In particular, Plaintiff was indicted for "pointing and presenting a firearm at a person" for pointing a firearm at Giron on March 3, 2011.[4] (Dkt. No. 76-6 at 10). If Plaintiff were convicted of this charge, a finding for Plaintiff on his excessive force claim against Giron would imply the invalidity of the conviction. As explained above, a claim for excessive force cannot succeed if Plaintiff pointed a firearm at Giron. *See, e.g., Tennessee v. Garner*, 471 U.S. 1, 11-12 (1985) ("[I]f the suspect threatens the officer with a weapon . . . deadly force may be used if necessary to prevent escape.").

---

[4] Plaintiff was also indicted on a charges of resisting arrest with a deadly weapon and attempted murder for attempting to kill Giron. (Dkt. No. 76-6 at 14, 16).

9

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a state prisoner cannot bring a Section 1983 suit for damages where a judgment in favor of the prisoner would necessarily imply the invalidity of his conviction or sentence. *Id.* at 486-87. In *Wallace v. Kato*, 549 U.S. 384 (2007), the Supreme Court clarified that *Heck* does not apply in the pre-conviction setting. *Id.* at 393. The Court went on to state that a stay of the Section 1983 action is appropriate in such instances:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. . . . If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Id.* at 393-94. Therefore, the Court finds a stay of Plaintiff's excessive force claim against Giron appropriate under *Wallace*.

Defendants acknowledge that the criminal charges against Plaintiff did not implicate Plaintiff's claim against Defendant Cornwell. (Dkt. No. 114-1 at 2 n.2). However, they ask that the Court stay this matter in its entirety in the interest of judicial economy. The Court agrees and will stay the entire matter.

## VI. Conclusion

The Court adopts the R & R (Dkt. No. 112) in part. The Court declines to adopt the R & R as to Plaintiff's intentional infliction of emotional distress claim against the individual defendants. The Court adopts all other portions of the R & R.

Defendants' Motion for Summary Judgment (Dkt. No. 76) is granted in part and denied in part. Defendants' motion is **DENIED WITHOUT PREJUDICE** as to Plaintiff's excessive

10

force claim against Defendant Giron with respect to her use of her firearm, **DENIED** as to Plaintiff's excessive force claim against Defendant Cornwell, and **GRANTED** as to all other claims. Thus, Defendants Richland County, Lott and Thompson are **DISMISSED** from this action.

Defendants' Motion to Stay (Dkt. No. 114) is **GRANTED**. This matter is stayed pending resolution of Plaintiff's criminal charges in state court. The parties are ordered to apprise the Court of the status of those criminal charges every ninety (90) days and to notify the Court within thirty (30) days when those criminal charges are resolved. The stay will be lifted at that time.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

July 29, 2014
Charleston, South Carolina